UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILSON OSORIO,

                Petitioner,

-vs-                                        Case No.  8:06-cv-1560-T-17MAP

JAMES R. McDONOUGH,

                Respondent.
_____

## **ORDER**

      Wilson Osorio petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On April 29, 1998, Osorio was found guilty after jury trial of third-degree murder with a firearm.  On June 15, 1998, he was sentenced to 230 months incarceration by the state trial court in the Thirteenth Judicial Circuit, Hillsborough County, Florida.

### Petition Is Time-Barred

      The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period

shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Osorio appealed his conviction and sentence. The state district court of appeal reversed and remanded for resentencing on October 15, 1999. Petitioner did not seek further review by a higher court. In other words Osorio did not appeal the resentencing within 30 days after the reversal. Therefore, his conviction was final on direct appeal on November 14, 1999 (thirty days after the reversal and remand). Osorio's one-year time period began running on November 15, 1999, and he had until November 15, 2000 to file a state collateral motion or a federal habeas corpus petition. Osorio did neither. He did not file the Rule 3.800(a) motion until January 24, 2001. (See Petition pp. 2, 3) The filing of the Rule 3.800 motion did not toll the running of the limitations period because the one-year period had already expired on November 15, 2000. Therefore, the present federal petition, signed and filed in 2006, is time-barred.[1]

Osorio has not shown that any extraordinary circumstances require the tolling of the one-year period.

Accordingly, the Court orders:

---

[1] Even if this Court could somehow allow 90 days to file a petition for writ of certiorari in the Supreme Court after the reversal and resentencing order, Osorio's petition would still be time-barred. Ninety days after October 15, 1999, is January 13, 2000. One-year from January 14, 2000, is January 14, 2001. Osorio did not file the rule 3.800 motion until January 24, 2001.

That Osorio's petition for writ of habeas corpus is dismissed as time-barred. The Clerk is directed to enter judgment against Osorio and to close this case.

ORDERED at Tampa, Florida, on August 29, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Wilson Osorio