UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILSON OSORIO,

                    Petitioner,

-vs-                                        Case No.  8:06-cv-1560-T-17MAP

SECRETARY,   DEPARTMENT   OF
CORRECTIONS,

                    Respondent.
_____

## ORDER

      Wilson Osorio petitions for the writ of habeas corpus pursuant to 28 U.S.C. §

2254.  Osorio challenges his conviction and sentence entered by the Circuit Court for

the Thirteenth Judicial Circuit, Hillsborough County, Florida.

PROCEDURAL HISTORY

      On January 14, 1998, Osorio was indicted by the Grand Jury for First Degree

Murder. (Exh 31: Vol. 1: R 15-17).[1] The deceased victim was Jose Perez-Medina. The

_____

      [1] The five-volume record on direct appeal, is attached as Respondent's Exhibit 31. The pleadings and documents found in Volume 1 refer to the clerk's number in the bottom right hand corner of the page. The trial
(continued...)

case proceeded to jury trial before the Honorable Barbara Fleischer, Circuit Judge, beginning April 27, 1998. (Exh 31: Volumes 2-5). Osorio was represented by Assistant Public Defenders Samantha L. Ward and Thomas A. Maiello. The jury found Osorio guilty of the lesser included offense of Murder in the Third Degree with a Firearm. (Exh 31: Vol. 1: R 52). On June 15, 1998, the court imposed a sentence of 230 months imprisonment, including a three year minimum mandatory for the use of a firearm. (Exh 31: Vol. 1: R 54-61).

Osorio pursued a direct appeal. On November 16, 1998, in appellate case number 98-4153, the Second District Court of Appeal granted Osorio a belated appeal. (Exh 31: Vol. 1: R 65). John Thor White, Esquire, the Special Assistant Public Defender assigned to represent Osorio on appeal, filed an initial brief (Exhibit 1) raising one issue:

> WHETHER THE TRIAL JUDGE ERRED BY SENTENCING THE
> DEFENDANT PURSUANT TO A PATENTLY INCORRECT
> GUIDELINES SCORESHEET.

The State filed its answer brief (Exhibit 2), and Osorio's attorney filed a reply brief. (Exhibit 3). On October 15, 1999, the Second District Court of Appeal filed a per curiam written opinion reversing Osorio's sentence and remanding the case for resentencing. (Exhibit 4). *Osorio v. State*, 746 So. 2d 490 (Fla. 2d DCA 1999). The mandate was issued on November 15, 1999. (Exhibit 5).

---

[1](...continued)
transcript, which is contained in Volumes 2 through 5, is referred to as "T," followed by the court reporter's number in the upper right hand corner of the page.

On January 13, 2000, Osorio appeared before Judge Fleischer for resentencing. (Exhibit 6). The court, using a corrected scoresheet, sentenced Osorio to 207.75 months imprisonment. (Exhibit 7). In Case No. 2D00-2154, the appellate court granted a belated appeal to challenge the resentencing. (Exhibit 8). Assistant Public Defender Kevin Briggs filed an *Anders* brief, stating that he could find no meritorious argument to support the contention that the trial court committed significant reversible error in this case. (Exhibit 9). Counsel invited the appellate court's attention to a potential issues for review: "Did the trial court err in resentencing Appellant?" Osorio later filed a pro se initial brief, arguing that the trial court erred in resentencing him above the statutory maximum. (Exhibit 10). The State filed its answer brief in response to the pro se issue. (Exhibit 11). On April 19, 2002, in Case No. 2D00-2154, the appellate court filed an unwritten per curiam opinion affirming Osorio's amended sentence. (Exhibit 12). *Osorio v. State*, 818 So. 2d 513 (Fla. 2d DCA 2002)[Table]. The court issued the mandate on May 15, 2002. (Exhibit 13).

On June 16, 2002, Osorio filed a motion to correct illegal sentence pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure. [2] (Exhibit 14: Circuit Court Docket, page 2). According to Osorio, the complaint raised in the motion was that the court imposed a sentence that exceeded the statutory maximum authorized by statute, under *Apprendi v. New Jersey and McCloud v. Florida*. (See § 2254 petition, page 4).

---

[2] A copy of the motion to correct sentence or the order denying relief is not in the record. However, Osorio asserts in the federal petition that he filed the motion on June 16, 2002, which presumably is the date he presented the document to prison officials for mailing. (See § 2254 petition, page 4). The circuit court docket reflects the motion was actually filed on June 18, 2002. (Exhibit 14: Court Progress Docket, page 2).

The motion was denied by the trial court on August 26, 2002. (Circuit Court Docket, page 2).

Osorio appealed. On November 8, 2002, in Case No. 2D02-4289, the appellate court filed a per curiam unwritten opinion affirming the denial of the motion to correct sentence. (Exhibit 15). *Osorio v. State*, 835 So. 2d 1131 (Fla. 2d DCA 2002)[Table]. The mandate was issued on January 9, 2003. (Exhibit 16). Osorio sought discretionary review in the Florida Supreme Court in Case No. SC03-50. On January 21, 2003, the Florida Supreme Court dismissed the petition for lack of jurisdiction. (Exhibit 17). *Osorio v. State*, 831 So. 2d 411 (Fla. 2003).

On April 13, 2004, Osorio filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Exhibit 18). The motion was summarily denied by the trial court on June 9, 2004. (Exhibit 19). Osorio appealed the adverse ruling. On October 8, 2004, in Case No. 2D04-3047, the appellate court per curiam affirmed. (Exhibit 20). *Osorio v. State*, 888 So. 2d 638 (Fla. 2d DCA 2004)[Table]. The court issued its mandate on December 17, 2004. (Exhibit 21).

Osorio sought discretionary review in the Florida Supreme Court, but on January 4, 2005, in Case No. SC04-2466, the court dismissed the petition for review based on lack of jurisdiction. (Exhibit 22). *Osorio v. State*, 892 So. 2d 1013 (Fla. 2004).

On March 23, 2005, Osorio filed another motion to correct sentence pursuant to Fla. R. Crim. P. 3.800. (Exhibit 23). The court denied the motion without a hearing on May 26, 2005. (Exhibit 24). That ruling was affirmed by the appellate in a per curiam opinion filed October 7, 2005, in Case No. 2D05-3391. (Exhibit 25). *Osorio v. State*,

2005 Fla. App. LEXIS 21330 (Fla. 2d DCA Oct. 7, 2005). The mandate was issued on

November 28, 2005. (Exhibit 26). Osorio filed a petition for discretionary review in the

Florida Supreme Court, in Case No. SC05-2261. On December 23, 2005, the supreme

court dismissed the petition for lack of jurisdiction. (Exhibit 27). *Osorio v. State*, 920 So.

2d 627 (Fla. 2005).

On March 21, 2006, Osorio filed a state petition for writ of habeas corpus which

the appellate court treated as a petition alleging ineffective assistance of appellate

counsel on direct appeal. (Exhibit 28). The petition was denied by the Second District

Court of Appeal without discussion on April 12, 2006, in Case No. 2D06- 1305. (Exhibit

29). *Osorio v. State*, 929 So. 2d 1066 (Fla. 2d DCA 2006). Osorio's motion for

rehearing was denied on May 18, 2006. (Exhibit 30).

## THE PRESENT PETITION

Osorio submitted the § 2254 petition to prison officials for mailing on August 22,

2006 (Doc. 1). The petition contains eight grounds for relief.  The petition is time-barred

pursuant to 28 U.S.C. § 2244(d). Alternatively, the claims are procedurally barred, fail

to present a federal constitutional claim, or for fail to satisfy the threshold requirements

of 28 U.S.C. § 2254(d) and (e).

## THE PETITION IS UNTIMELY

The instant petition is time-barred under 28 U.S.C. §2244(d)(1), as amended by

the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the

AEDPA, a person in custody pursuant to the judgment of a state court has one year

from the date his judgment became final to file a § 2254 federal habeas petition.

Osorio's judgment became final, at the latest, on **July 19, 2002**, ninety (90) days after his resentencing judgment was affirmed on appeal on April 19, 2002. *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review); *Chavers v. Secretary, Fla. Dept. of Corrections*, Case No. 05-15163 (11th Cir. Oct. 31, 2006) (confirming that the one-year statute of limitations begins to run 90 days after the appellate court's affirmance, rather than 90 days after the mandate was issued).

Accordingly, Osorio had one year, or until July 18, 2003, to file his federal petition. Subsection (2) of §2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Osorio filed his first collateral motion, a Rule 3.800 motion to correct sentence, on **June 14, 2002**, prior to commencement of the federal one-year period. Therefore, the start of the limitations period was delayed by the tolling motion until the mandate issued in the collateral appeal on **January 9, 2003**. Accordingly, Osorio had one year from that date to file his federal petition, until **January 8, 2004.** However, Osorio did not file his next collateral application, a Rule 3.850 motion for postconviction relief, until **April 13, 2004**, over three months (95 days) after the one-year limitations period had expired. Even assuming the Rule 3.850 motion was properly filed, it does not act to toll the federal statutory period. *See Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001), where the Eleventh Circuit, quoting *Webster*

*v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), held that a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." *Id.* at 1333.

Moreover, there is an additional time period of approximately three months, from the date of the mandate in the Rule 3.850 proceeding **(December 17, 2004)** until the filing of the second Rule 3.800 motion to correct sentence **(March 23, 2005)**, during which no properly filed collateral applications were pending in state court. Finally, almost four more months of idle time passed between the issuance of the mandate in the in the Rule 3.800 appeal **(November 28, 2005)**, until Osorio filed the petition for writ of habeas corpus in the state appellate court **(March 21, 2006)**.[3] In total, the instant petition is untimely by approximately ten months and must be dismissed.

The Eleventh Circuit has held that section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)(quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See also Helton v. Sec. for the Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001). However, in this case, Osorio has neither argued nor shown that there are any extraordinary circumstances that are both beyond his control and unavoidable with diligence, and therefore he is not entitled to equitable tolling.

---

[3]   The state habeas petition was untimely, and was therefore not "properly filed" so as to toll the limitations period.

Even if the petition were not time-barred, Osorio is not entitled to habeas corpus relief.

STANDARDS OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).   *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*  However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

-8-

Discussion

Ground One

Grounds One and Six both concern allegations of ineffective assistance of counsel. In Ground One, Osorio contends his trial attorneys were ineffective for failing to correct the verdict form which was not in conformance with the jury instructions. This claim has no merit.

In order to show a violation of the Sixth Amendment right to counsel, Osorio must satisfy the two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 687(1984). *Bell v. Cone*, 535 U.S. 685, 698 (2002)(courts should apply *Strickland* to claims that counsel failed to satisfy constitutional requirements at specific points). The standards of effective assistance set forth in *Strickland* apply to appellate counsel, as well as to trial counsel. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). First, Osorio must demonstrate that his attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, Osorio must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. Osorio must prove both prongs of *Strickland*. Therefore, if he fails to establish either deficient performance or prejudice, the court need not address the other prong. *Strickland,* 466 U.S. at 697 ("There is no reason for a court deciding an ineffective

-9-

assistance claim to . . . address both components of the inquiry if the defendant makes

an insufficient showing on one. If it is easier to dispose of an ineffectiveness claim on

the ground of lack of sufficient prejudice,...that course should be followed."); *Sims v.*

*Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998). In this case, the state court's denial

of Osorio's ineffective counsel claims is neither contrary to, nor an unreasonable

application of, the *Strickland* standard.

　　　Ground One was raised in Osorio's motion for postconviction relief. Based upon

a proper analysis of this claim under *Strickland v. Washington*, the state court made

the following findings of fact and conclusions of law in its order denying the motion for

postconviction relief:

> 　　　Defendant's Motion states counsel provided ineffective assistance
> of counsel, due to counsel's failure to have the court list the affirmative
> defenses "justifiable homicide, excusable homicide, justifiable use of
> deadly force, and voluntary intoxication" on the verdict form. Specifically,
> Defendant claims that without those affirmative defenses listed on the
> verdict form, the verdict form did not conform to the jury instructions.
>
> 　　　After reviewing ground one, the Court finds affirmative defenses
> are not required to be listed on the verdict form. Consequently,
> Defendant has failed to meet the first prong of *Strickland*, in that
> Defendant has failed to prove that counsel acted deficiently when
> counsel failed to have the court list those affirmative defenses on the
> verdict form. (See verdict form and jury instructions, attached). Because
> Defendant has failed to meet the first prong of *Strickland* it is
> unnecessary to address the second prong of *Strickland. Downs v. State*,
> 740 So. 2d 506, 518 (Fla. 1999). As such, no relief is warranted upon
> ground 1.

See Respondent's Exhibit 19: Order Denying Motion for Post Conviction Relief, pages

2-3.   The trial court's finding that counsel's performance was not deficient is

supported by the record and, therefore, the rejection of Ground One did not result in

a decision that was contrary to, or involved an unreasonable application of, the *Strickland* standard, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.   Ground One does not warrant habeas relief.

GROUNDS TWO, THREE, FOUR, AND FIVE

The trial court errors raised in Grounds Two, Three, Four, and Five are procedurally barred because they should have been, but were not, raised in the initial brief in the original direct appeal. It has long been recognized in Florida that "[i]ssues that could have been, but were not, raised on direct appeal are not cognizable through collateral attack." *Harvey v. Dugger*, 656 So.2d 1253, 1256 (Fla. 1995). Postconviction proceedings under Rule 3.850 are not be used as a second appeal, nor is it appropriate to use a different argument to relitigate the same issue(s). *See Torres-Arboleda v. Dugger*, 636 So.2d 1321, 1323 (Fla. 1994). These same four claims were raised for the first time in Osorio's Rule 3.850 motion for postconviction relief. The state court found all four claims to be procedurally barred:

> In grounds 2-5, Defendant argued that the trial court made numerous errors during the trial. Trial court errors generally can be raised on direct appeal, but they cannot be raised on a 3.850 motion. *See Bruno v. State*, 807 So. 2d 55, 63 (Fla. 2001). Because Defendant is procedurally barred from raising grounds 2-5 in the Motion, no relief is warranted for those grounds.

See Respondent's Exhibit 19: Order Denying Motion for Post Conviction Relief, page 3.    The claims raised in Grounds Two, Three, Four, and Five are procedurally barred and do not warrant habeas relief because Osorio has not shown cause and

prejudice to overcome the procedural bar and has not shown that manifest justice will occur if the Court does not reach the merits of these claims.

GROUND SIX

Osorio alleges his appellate counsel was ineffective for failing to raise the issue on direct appeal that fundamental error occurred during the trial court's instructions to the jury regarding the justifiable use of deadly force. This claim is procedurally barred because it was raised in an untimely petition for writ of habeas corpus.  Rule 9.141(c)(4)(B) of Florida's Rules of Appellate Procedure provides:

> A petition alleging ineffective assistance of appellate counsel shall not be filed more than two years after the conviction becomes final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel.

Rule 9.141(c)(4)(B).

In the instant case, Osorio's direct appeal became final when the mandate issued on November 15, 1999. (See Respondent's Exhibit 5). *Osorio v. State*, 746 So. 2d 490 (Fla. 2d DCA 1999). Osorio did not file his petition for writ of habeas corpus until March 21, 2006, well beyond the two-year deadline. Osorio was aware that the petition was untimely and attempted to avoid the time bar by asserting that he was misled about the results of the appeal by counsel, as required by Rule 9.141(c)(4)(B). However, the petition as presented was insufficient on its face to satisfy the Rule's requirements, because Osorio did not show that he was misled about the results of the appeal; rather, he complained counsel misled him about the merits of the appeal. *See, e.g., Nava v. State*, 781 So. 2d 1136 (Fla. 4th DCA 2001) (petition found to be untimely

-12-

where petitioner alleged that his attorney failed to inform him of the appellate court's decision, but did not, however, allege that his attorney "affirmatively misled" him about the affirmance so as to qualify for an exception to the two-year rule).

Moreover, in his habeas petition filed in the state appellate court, Osorio attacked the performance of the assistant public defender who represented him in the appeal from his resentencing judgment. Osorio mistakenly believes the original direct appeal was "reopened" after resentencing, and that appellate counsel could raise any and all issues regarding the conduct of the trial. Even if that were so, Osorio could demonstrate no prejudice from counsel's actions, because Osorio filed a pro se initial brief in the appeal from resentencing, and could have raised the issue himself.

GROUND SEVEN

Osorio contends his sentence is illegal because it exceeds the statutory maximum. This issue was presented in Osorio's pro se brief in the appeal following resentencing. The State correctly responded in its answer brief that the sentence was proper under state law, and that the sentence did not run afoul of *Apprendi v. New Jersey*, 530 U.S. 466 (2000):

> Even if this appellate court were to reach the merits of the appellant's pro [se] argument, he is not entitled to relief. His argument that the sentence of 207.75 months (17.31 years) for third degree murder imposed at the time of resentencing was illegal because it exceeds the statutory maximum of 15 years for a second [degree felony] provided for under F.S. 775.082, is without legal merit. Since appellant's offense took place on December 15, 1997, he was sentenced under the post 1994 guidelines. For offenses that occur after January 1, 1994, the guidelines provide in pertinent part pursuant to §921.001(5):
>
> > Sentences imposed by trial court judges under the 1994 revised sentencing guidelines on or after January 1, 1994,

must be within the 1994 guidelines unless there is a departure sentence with written findings....If the recommended sentence under the guidelines exceeds the maximum sentence authorized by s. 775.082, the sentence under the guidelines must be imposed absent a departure.

Accordingly, since the appellant's sentencing range under the corrected guidelines scoresheet at the time of resentencing was 124.65 months (10.39 years) to 207.75 months (17.31 years) with a recommended sentence of 166.2 months (13.85 years), the trial court could legally sentence him to the maximum guidelines sentence of 207.75 months (17.31 years) imprisonment even though this sentence exceeded the statutory maximum of 15 years for second degree felonies as provided for under s. 775.082. *See Mays v. State*, 717 So. 2d 515 (Fla. 1998); *Escutary v. State*, 753 So. 2d 650 (Fla. 3d DCA 2000); *Floyd v. State*, 707 So. 2d 833 (Fla. 1998).

The cases cited by the appellant in support of his argument that the trial court could not impose a sentence in excess of the statutory maximum set for in s. 775.082 are distinguishable. Either they involved offenses which took place prior to January 1, 1994, in which case trial court's could not impose sentences that exceeded the "statutory limits" even if the guidelines recommended such a sentence, *see Mays*, *supra*. at 516, or the cases do not address if the guidelines in question recommended a sentence in excess of the statutory maximum.

Appellant cites the case of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), for the proposition that the U.S. Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. The only conceivable relevance that *Apprendi* could have to the present case would have to be based on the argument that the scoring of victim injury points of 120 for death - which resulted in the raising the guidelines score to a level where a sentence in excess of the statutory maximum authorized by s. 775.082 was authorized - was improper because it was not submitted to the jury for a determination based upon proof beyond a reasonable. This argument is without merit. The jury found the appellant guilty of third degree murder. By finding him guilty of third degree murder, it had obviously found beyond a reasonable doubt that his actions resulted in the death of the victim and therefore it was proper to score 120 points for death. *See Cameron v. State*, 2001 WL 803716, 26 Fla. L. Weekly D1748, at D1750, n.11 (Fla. 4th DCA July 18, 2001) wherein the Third District stated:

> We reject defendant's argument that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), bars any use of additional points for the death of the victims in the guidelines sentencing calculus. He contends that *Apprendi* requires that the death/injury enhancement itself be explicitly submitted to the jury before the court may use these additional points to increase the sentence. The short answer is that the jury's conviction on the UBAL manslaughter counts represents a sufficient jury finding to authorize an enhancement based on these additional points. *Cf. Tucker v. State*, 726 So.2d 768 (Fla.1999) (jury verdict finding defendant "guilty of attempted first-degree murder with a firearm" sufficient to increase permissible sentencing range based on defendant's use of firearm, even though verdict form not technically a special verdict form).

Respondent's Exhibit 11: Anders Brief of Appellee, pages 4-7. Accordingly, even if

Osorio has raised a federal constitutional issue regarding his sentencing, the state

court's rejection of the claim was objectively reasonable and is entitled to deference

under the AEDPA. Ground Seven does not warrant habeas relief.

## GROUND EIGHT

Osorio argues that the sentencing guidelines scoresheet used to calculate his

sentence was found to violate the Florida Constitution. This claim presents a state law

sentencing issue which provides no basis for federal habeas corpus relief. *See Branan

v. Booth,* 861 F.2d 1507 (11th Cir. 1988) (per curiam). A federal habeas petition may

be entertained only on the ground that a petitioner is in custody in violation of the

Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A state's

interpretation of its own laws or rules provides no basis for federal habeas corpus relief,

since no question of a constitutional nature is involved. *Bronstein v. Wainwright*, 646

F.2d 1048, 1050 (5th Cir. Unit B June 1981). State courts are the ultimate expositors

of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases. *Mendiola v. Estelle*, 635 F.2d 487, 489 (5th Cir. Unit A 1981).

Ground Eight does not warrant habeas relief.

**Accordingly, the Court orders:**

That Osorio's petition is denied.  The Clerk is directed to enter judgment against Osorio and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ··· only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 4, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Wilson Osorio, pro se